IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  20-cv-560-RJD |
| ) | |
| WESLEY SHIRLEY, CHAD WALL, ) | |
| DANIEL J. HARRISS, OFFICER BROCK, J. ) | |
| RUETER, R. TOMSHACK, JOSEPH ) | |
| DUDEK, KALE LIVELY, C. HECK, C. ) | |
| SWISHER, G. HALE, SERGEANT GROVE, ) | |
| C. ADAMS, BRIAN MILLER, and SETH ) | |
| MERACLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on June 12, 2020 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").  Plaintiff's complaint includes various allegations against numerous defendants spanning from May 11, 2020 through May 28, 2020.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One:  Eighth Amendment claim for conditions of confinement related to personal hygiene items, showers, bedding and food against all Defendants between May 11 and May 28, 2020.
>
> Count Two:  Eighth Amendment claim for excessive force against Shirly and Harriss.
>
> Count Three: Eighth Amendment deliberate indifference to a serious medical condition against all Defendants between May 11 and May 28, 2020.

Page **1** of **6**

Count Four:   First Amendment retaliation claim against all Defendants[1].

(*See* Doc. 24).

The undersigned entered judgment in favor of Defendants on March 7, 2022, having granted Defendants' motions for summary judgment on the issue of exhaustion of administrative remedies (Docs. 98, 99).

Following the entry of judgment, Plaintiff filed numerous motions asking the undersigned to reconsider (Docs. 102, 103, 104, 105, 107).   These motions are now before the Court.   For the reasons set forth below, Plaintiff's Motions for Reconsideration are **DENIED**.

## Legal Standard

Plaintiff captions his motions as Motions for Reconsideration.   Plaintiff fails to cite any rule under which he brings his motion.   Based on the posture of this case and timing of the motions, the Court finds it appropriate to consider Plaintiff's motions as motions to alter or amend judgment under both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case.  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment).   While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters."   *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D.

---

[1] Defendants are Wesley Shirley, Chad Wall, Daniel Harriss, Officer Brock, Jana Rueter, R. Tomshack, Joseph Dudek, Kale Lively, C. Heck, C. Swisher, G. Hale, Sergeant Grove, C. Adams, Brian Miller, and Seth Meracle.

Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

### Discussion

In the motions now before the Court, Plaintiff sets forth a litany of arguments he asserts support a finding that he was thwarted in his efforts to exhaust his administrative remedies.

First, Plaintiff asserts counselors Reid, Rebecca King, and Tyler King testified they would

not be present when they were touring cellhouses and interacting with inmates. Therefore, Plaintiff asserts they would not know what other counselors were telling inmates about the processing of grievances. The Court agrees with this inference; however, it is not dispositive of any issue before the Court. In the Court's discussion of the testimony of these counselors, the undersigned merely noted the counselors testified that they never heard any other counselor tell Plaintiff they would not process certain grievances. Plaintiff's statements do not make this finding erroneous. The basis for the Court's decision in this instance was Plaintiff's credibility, or lack thereof, and the Court finds Plaintiff's argument does not present new evidence or suggest a manifest error of law or fact in the Court's ultimate finding of credibility. It is also not indicative of any misrepresentation or misconduct by Defendants.

Plaintiff also urges the Court to review testimony of two hearings held on the issue of exhaustion of administrative remedies in other cases. Plaintiff asserts testimony in those cases contradicts testimony provided in this case. In particular, Plaintiff asserts counselor Reid testified in *Hoskins v. Swisher, et al.*, 20-cv-533-SPM that he knew Plaintiff had lawsuits pending while Plaintiff was on Reid's caseload, contradicting Reid's testimony in the case at hand that he was not aware Plaintiff had lawsuits pending against other staff members. The Court cannot review the testimony in 20-cv-533-SMP as it was not provided by Plaintiff and is not publicly available. Plaintiff also references testimony from a hearing in *Hoksins v. Brock, et al.*, 20-cv-788-GCS, wherein he states that witnesses testified that excessive force grievances are handled by internal affairs, and counselor Mercier testified that he did not log every conversation he had with an inmate into CHAMPS. These statements simply do not undermine the Court's previous findings regarding Plaintiff's credibility. Further, there is no indication that the testimony in these other cases has any bearing on the issues here and certainly the testimony does not present new evidence

or suggest a manifest error or law or fact.

Plaintiff also makes broad, unfounded statements asserting Reid and Brown lied in this case because they are defendants in other lawsuits, and the counselors lied in testifying in this case because they were aware Plaintiff was an inmate who would file lawsuits and they knew Plaintiff was suing other staff members.   These arguments are not based on evidence, do not present new evidence or suggest a manifest error of law or fact.   As such, there is no basis for reconsideration due to the same.

Finally, in his various motions, Plaintiff asserts it would not take 30 or 60 days for him to know his grievances were not going to be processed.   This argument is misplaced as it does not go to the Court's ultimate finding concerning Plaintiff's credibility.

The only argument with any merit in Plaintiff's motions is his reference to the Court's discussion concerning the January 8, 2021 grievance.   Plaintiff states that the January 8, 2021 grievance was filed *before* Defendants' motions were filed.   Plaintiff is correct.   In the Order granting Defendants' motions, the Court erroneously states this grievance was filed after Defendants' motions for summary judgment were filed and after Plaintiff filed his initial responses to the same.   This reference to timing, however, is not dispositive of the issues before the Court and the Court's finding regarding Plaintiff's credibility is unchanged.   Indeed, the timing of the submission of the January 8, 2021 grievance, closely following Plaintiff's documented interaction with counselor Hallman on December 30, 2020, supports the conclusion that Plaintiff was attempting to substantiate his "story" that his counselors refused to process certain grievances.

## Conclusion

Based on the foregoing, Plaintiff's Motion for the Court to Reconsider (Doc. 102), Supplemental Motion for Reconsideration (Doc. 103), Second Supplemental Motion for

Reconsideration (Doc. 104), Motion for the Court to Consider When Ruling on Motions for Reconsideration (Doc. 105), and Second Motion for the Court to Consider When Ruling on Motions for Reconsideration (Doc. 107) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 28, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**